*In re* MARRIAGE OF SUSAN K. ANTHONY, Petitioner-Appellee, and TERRENCE M. ANTHONY, Respondent-Appellant.

Second District    No. 80-439

Opinion filed April 3, 1981.

Douglas B. White, LeRoy L. Bianchi, and Linda S. White, all of Bianchi & White, of Schaumburg, for appellant.

Lyle B. Haskin, of Beermann, Swerdlove, Barezky & Woloshin, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

In a post-judgment proceeding to enforce a property settlement agreement incorporated in a dissolution of marriage decree, Susan K. Anthony (the wife) was awarded damages, interest and attorney fees against Terrence M. Anthony (the husband). The husband appeals, contending that the court's finding that he acted in bad faith to the damage of the wife was against the manifest weight of the evidence, and that the award of damages and attorney's fees was improper.

The judgment of dissolution was entered on November 1, 1978, and included a property settlement which provided, as pertinent:

"a. That within (30) days of the effective date of this agreement, the marital home shall be placed on the open market for sale.

b. That the husband and the wife shall each receive an equal share of the net proceeds of the sale of the former marital residence.
* * *"

The judgment detailed the method of determining the net proceeds but contained no other provisions relative to the sale of the house.

On August 28, 1979, the wife filed a petition for rule to show cause

alleging that the husband willfully violated the dissolution judgment by rejecting an offer to purchase the home and attempting to cancel the listing agreement. The husband filed a response, admitting that he rejected an offer to purchase the home, for the reason that he would not have had sufficient time to find another residence. He also asserted in his response that after the broker's listing expired the wife refused to relist the house.

On January 2, 1980, the court conducted a hearing on the wife's petition and ordered that husband show cause on January 9 why he should not be held in contempt, finding that the "evidence tends to show that Terrence Anthony has willfully or intentionally violated the judgment of this court, dated November 1, 1978 * * *." (The transcript of that hearing has not been included in the record on appeal.) The husband filed a motion to vacate the rule to show cause and dismiss the petition, alleging that the home had been listed for sale with a real estate broker, whose affidavit to that effect was attached to the motion as well as a copy of the listing contract. The court continued all matters to March 3, 1980.

On February 28, 1980, the wife filed a "Petition for Attorney's Fees and For a Judgment," alleging that the parties had reached an agreement to sell the marital home. The petition prayed that the husband be ordered to pay the wife's attorney's fees and interest on the amount she would have realized if the husband had not rejected the 1979 offer to purchase. On April 11, 1980, a hearing was held on the wife's petition, which resulted in a judgment against the husband for $3,825 in damages and $1,725 for the wife's attorney's fees.

At the outset of the April 11 hearing the parties stipulated that the home was sold in March 1980, and that the wife received $12,645.88 as her share of the net proceeds. It was also stipulated orally that on May 21, 1979, the husband offered to buy out the wife's interest in the house for $13,131, which is $400 more than the $12,731 she would have received if the May sale to third parties had been consummated.

The husband testified under section 60 that on May 8, 1979, he and the wife discussed an offer to purchase the house; that on that date he was willing to accept the offer but she wanted additional time to make a decision. On May 12, she reported that she would accept the offer but he declined, because he could not move out and find other housing before the buyers would want to move in.

The wife testified that the parties had signed a listing agreement for January 1 to April 30, which was extended through May 31, 1979. She did not contact their broker to renew the listing. On May 12, the husband indicated that he would not renew the listing agreement. At some point between May 31 and December 4 she told her husband that she wanted the house listed for sale. On cross-examination, she stated that between May

30 and August 30, the husband offered to relist the house. She also testified that the husband had asked her whether she wanted him to put the house on the market, and she had replied, "I don't know." She did not recall whether she made a request to her husband to relist the house.

The husband also testified that he had offered to buy the wife's interest for more than she would have received if the May sale had gone through, but that after some negotiations on this offer, apparently concerning some appliances in the house, the parties failed to reach an agreement. He said that on August 12 he offered to relist the house, but the wife responded negatively, stating that a petition had been filed in court.

We agree with the husband that under these circumstances the finding that he acted in bad faith to the detriment of the wife is against the manifest weight of the evidence.

The agreement required that the house be put on the market, but neither party was exclusively responsible for performance. The house was placed on the market within the time provided in the agreement. The parties agree that the house was on the market through May 31, 1979, but do not agree as to what happened thereafter. The husband testified that the house was not relisted because he was negotiating to buy the wife's interest and that when negotiations broke down she told him that she did not want to relist the house because she was filing a petition in court. The wife admitted that the husband offered to relist the house in August and did not recall whether she asked him to relist the house after May 30. However, she admitted that she herself did not take steps to relist the house after May 30 and did not deny that the parties were negotiating the sale of her interest.

Although the husband rejected the third party's offer, he offered to buy out the wife's interest for as much or more than she would have received under the rejected offer. While we may conclude that his reason for rejecting the offer was not valid, the wife's rejection of his offer seems equally improper. Had she accepted his offer no damages would have resulted to her. Under these circumstances the court's finding that the husband willfully violated the agreement is against the manifest weight of the evidence.

The wife has also argued that the husband cannot attack the court's finding that he willfully violated the agreement since the finding was based on a January 2, 1980, hearing, the transcript of which is not in the record. She invokes a rule that if the record does not contain evidence upon which an order is entered, every presumption is in its favor. *Mikrut v. Mikrut* (1969), 113 Ill. App. 2d 446, 451.

We do not consider the rule applicable here. The January 2 order was not a final order but an interim finding in the contempt proceedings. In addition the wife did not stand on the earlier finding at the April 11

830

hearing but introduced evidence pertinent to the issue at that time, thereby in effect waiving her right to rely solely on the January 2 finding. Further, the petition for money damages and attorney's fees was not filed until after the January 2 hearing. The husband is not appealing from the January 2 order but from the order of April 11 requiring him to pay a money judgment which we find to be properly before us for review.

In this view we do not reach the question of interest on the judgment as this claim is based on a finding of the husband's bad faith which we have rejected.

The award of attorney's fees was based solely on the husband's conduct, since the trial court did not require the wife to prove inability to pay and the husband's ability to pay. Since we have reversed the damage award, the fee award cannot stand and is also reversed. We therefore do not reach the question of whether attorney's fees can be awarded in post-decree enforcement proceedings where no evidence of financial resources is presented.

The cause is remanded for an evidentiary hearing on the wife's claim for attorney fees since the losing party may be entitled to attorney fees. At the hearing the court should take evidence of the parties' relative ability to pay in deciding whether to make a fee award. *In re Marriage of Pedersen* (1979), 77 Ill. App. 3d 716, 720.

The judgment is reversed and the cause remanded with directions.

Reversed and remanded with directions.

VAN DEUSEN and NASH, JJ., concur.